IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHERY MARTZ, | Civil No. 3:19-cv-1965 |
| Plaintiff | (Judge Mariani) |
| v. | |
| JOHN E. WETZEL, *et al.*, | |
| Defendants | |

## MEMORANDUM

Plaintiff Zachery Martz ("Martz"), an inmate confined at the State Correctional Institution, Mahanoy, in Frackville, Pennsylvania ("SCI-Mahanoy"), commenced this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are Secretary John Wetzel, Executive Deputy Secretary Tabb Bickell, and SCI-Mahanoy Superintendent Theresa DelBalso. Presently pending before the Court is Defendants' motion (Doc. 14) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Martz failed to respond to Defendants' motion and the time for responding has now passed.[1] Therefore, the motion is deemed unopposed and ripe for resolution. For the reasons set forth below, the Court will grant Defendants' motion.

---

[1] Martz was directed to file a brief in opposition to Defendants' motion and was admonished that failure to file an opposition brief would result in Defendants' motion being deemed unopposed. (Doc. 16) (citing M.D. PA. LOCAL RULE OF COURT 7.6). (*See also* Doc. 3, Standing Practice Order in Pro Se Plaintiff Cases, at 2).

I.  **Allegations of the Complaint**

Martz alleges that, from 2018 through April 6, 2019, his legal mail was copied and the originals were not returned to him or destroyed. (Doc. 1, p. 2). He asserts that his mail was "[a]ctually [d]estroyed" in violation of his Fourth Amendment right to be free from an unreasonable search and seizure, and in violation of his Fourteenth Amendment right to due process. (*Id.* at p. 3).

II.  **Legal Standard**

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those

facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint:  First, the court must take note of the elements a plaintiff must plead to state a claim.  Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).  This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*


## III.  Discussion

### A.  Lack of Personal Involvement

Individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode*, 845 F.2d at 1207-08; *see also Rizzo v. Goode*, 423 U.S. 362 (1976); *Atkinson v. Taylor*, 316 F.3d 257 (3d Cir. 2003). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible. *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208.

Martz's claims against Defendants Wetzel, Bickell, and Delbalso must be dismissed because his complaint is devoid of any facts showing how they were involved in the alleged constitutional violations. Aside from listing Wetzel, Bickell, and Delbalso as Defendants, the complaint contains no allegations whatsoever against these individuals and fails to demonstrate any personal involvement on their part. (*See* Doc. 1).

Moreover, with respect to Defendant Delbalso, the Warden of SCI-Mahanoy, a claim of a constitutional deprivation cannot be premised merely on the fact that the named defendant was the prison warden, or a prison supervisor, when the incidents set forth in the complaint occurred. See Rode, 845 F.2d at 1207. Additionally, to the extent that Martz attempts to hold Defendant Delbalso liable based on her supervisory role as Warden, it is well-established that officials may not be held liable for unconstitutional conduct of their subordinates under a theory of *respondeat superior*. See id.

For these reasons, Defendants Wetzel, Bickell, and Delbalso are entitled to dismissal from this action based on lack of personal involvement in the alleged wrongful conduct.

### B.    Destruction of Mail Claim

#### 1.    *Fourth Amendment Claim*

The Fourth Amendment provides that:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV. The prohibitions contained within the Fourth Amendment are applicable to the states by virtue of the Due Process Clause of the Fourteenth Amendment. *Cady v. Dombrowski*, 413 U.S. 433, 440, 93 S.Ct. 2523, 2527, 37 L.Ed.2d 706, 714 (1973).

To the extent that Martz alleges that the search and seizure of his legal materials violates the Fourth Amendment, courts have repeatedly held that the Fourth Amendment is not applicable to the contents of a prisoner's cell. *See Hudson v. Palmer*, 468 U.S. 517, 530 (1984) ("prisoners have no legitimate expectation of privacy and . . . the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells"); *Doe v. Delie*, 257 F.3d 309, 316 (3d Cir. 2001) ("The defendants correctly assert that prisoners do not have a Fourth Amendment right to privacy in their cells.") (citing *Hudson*, 568 U.S. at 529)). Therefore, Defendants' motion to dismiss the Fourth Amendment claim will be granted.

### 2. *Fourteenth Amendment Claim*

The Fourteenth Amendment of the United States Constitution provides in pertinent part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. CONST., amend. XIV. Thus, Martz is entitled to due process of law before the government can deprive him of his "life, liberty, or property." U.S. CONST. amend. XIV, § 1, cl. 3. Nonetheless, an individual may not assert a claim under section 1983 for even an intentional deprivation of the individual's property by a state employee, "if a meaningful postdeprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533. Martz cannot assert a plausible due process claim here because "[t]he Pennsylvania Department of Corrections ("DOC") grievance procedure provides an adequate post-

deprivation remedy," and this procedure "forecloses [Martz's] due process claim."[2] *Cruz v. SCI-SMR Dietary Servs.*, 566 F. App'x 158, 160 (3d Cir. 2014) (per curiam) (citing *Tillman v. Lebanon Cnty. Corr. Fac.*, 221 F.3d 410, 422 (3d Cir. 2000)). Accordingly, the Court will grant Defendants' motion to dismiss the Fourteenth Amendment claim.

## IV. Leave to Amend

When a complaint fails to present a *prima facie* case of liability, district courts must generally grant leave to amend before dismissing the complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). For the reasons set forth above, Martz's claims against the Defendants are legally and factually flawed and thus incurable. Moreover, Martz failed to raise any arguments in opposition to Defendants' motion to dismiss. Therefore, the Court concludes that curative amendment would be a futile endeavor.

---

[2] In the complaint, Martz acknowledges that the DOC internal grievance procedure was available at his institution. (Doc. 1, p. 2).

## V. Conclusion

The Court will grant Defendants' motion (Doc. 14) to dismiss. A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: August 11, 2020